# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHENG DONG ZHOU** | : | **DOCKET NO. 2:06-cv-2029** |
| **VS.** | : | **JUDGE MINALDI** |
| **ALBERTO GONZALES, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Cheng Dong Zhou, pursuant to 28 U.S.C. § 2241. By this petition, petitioner challenges his detention by immigration officials. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

## FACTS

Petitioner states that he last entered the United States on September 3, 1992 without valid entry documents. On August 30, 2001, an immigration judge denied petitioner's application for asylum and ordered him removed from the United States. Petitioner further states that on June 23, 2006, he was arrested and taken into custody by the Department of Homeland Security. He has remained in post-removal-order custody since that time.

On September 19, 2006, petitioner filed a Motion to Reopen which is currently pending before the Board of Immigration Appeals (BIA).

Petitioner filed this *habeas* petition on October 30, 2006, seeking to have the court order his release from post-removal-order custody. In support of his request, the petitioner states that his wife

is ill and that he should be released for humanitarian reasons.

## LAW AND ANALYSIS

Petitioner is being detained in post-removal-order detention pursuant to INA §241(a)(6). This statute specifically allows for detention of certain inadmissible or criminal aliens beyond the 90 day removal period established by INA §241(a)(1). In *Zadvydas v. Davis*, 121 S.Ct. 2491 (2001), the United States Supreme Court recognized six months as a presumptively reasonable period of post-removal-order detention under INA § 241(a)(6) for immigration detainees. *Zadvydas*, 121 S.Ct. at 2504.

Petitioner was not taken into post-removal-order custody until June 23, 2006. Thus, at this time, he has not been detained beyond the reasonably presumptive period of detention recognized by the Supreme Court in *Zadvydas*.

Additionally, the court notes that its *habeas* jurisdiction under 28 U.S.C. § 2241 to consider challenges to immigration detention is limited to constitutional challenges. The court has no jurisdiction to grant petitioner release from custody for humanitarian reasons.

For these reasons,

IT IS RECOMMENDED that petitioner's challenge to his post-removal-order custody be DENIED as premature and that this petition be DISMISSED without prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10)**

**BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 13th day of November, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE